UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Barbara A. Garcia,
and other similarly situated individuals,

    Plaintiff (s)

v.

Laundry Flagler LLC,
a/k/a Soaphia Laundry Centers
Tanguy Letalaer,
and Phillippe Erb, individually,

    Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Barbara A. Garcia and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Laundry Flagler LLC, a/k/a Soaphia Laundry Center, Tanguy Letalaer, and Phillippe Erb, individually and alleges:

JURISDICTIONAL ALLEGATIONS

1. This is an action to recover money damages for regular and overtime unpaid wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Barbara A. Garcia is a resident of Dade County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Laundry Flagler LLC, a/k/a Soaphia Laundry Center (from now on, Soaphia Laundry Center, or Defendant) is a Florida corporation having a business in Dade County, Florida.

4. Individual Defendants Tanguy Letalaer and Phillippe Erb are the owners/partners/and managers of Defendant Corporation Soaphia Laundry Center. These individual Defendants are the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. Defendant Soaphia Laundry Center is engaged in interstate commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as a laundry center. Defendant uses the instrumentalities of interstate commerce. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

6. Plaintiff was employed by an enterprise engaged in interstate commerce. Through her daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

7. At times mentioned, individual Defendants Tanguy Letalaer and Phillippe Erb were the owners/partners, and they directed Soaphia Laundry Center's operations. Defendants Tanguy Letalaer and Phillippe Erb were the employers of Plaintiff and other similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act"

[29 U.S.C. § 203(d)]. In that, these individual Defendants acted directly in the interests of Soaphia Laundry Center concerning its employees, including Plaintiff and others similarly situated. Defendants Tanguy Letalaer and Phillippe Erb had financial and operational control of the business and provided Plaintiff with her work schedule. They are jointly and severally liable for Plaintiff's damages.

8. All the actions raised in this complaint occurred in Dade County, Florida, within this Court's jurisdiction.

## Collective Action Allegations

9. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq*. ("the Act"). Section 216 (b) for jurisdictional placement).

10. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular hour worked and overtime hours worked at the rate of time and one-half their regular rate.

11. This action is intended to include every laundry center employee and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

12. Plaintiff Barbara A. Garcia re-adopts every factual allegation stated in paragraphs 1-11 above as if set out in full herein.

13. This cause of action is brought by Plaintiff Barbara A. Garcia as a collective action to recover from Defendant overtime wages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC

§ 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after April 2021, (the "material time") without being adequately compensated.

14. Defendant Soaphia Laundry Center is a coin laundry operated by Laundry Flagler LLC. Defendant Laundry Flagler LL operates several coin laundry. Plaintiff worked at Soaphia Laundry Center located at 1050 West Flagler ST, Miami, Florida 33130.

15. Defendants Soaphia Laundry Center, Tanguy Letalaer, and Phillippe Erb employed Plaintiff Barbara A. Garcia from approximately April 28, 2021, to August 08, 2022, or 67 weeks.

16. Plaintiff was hired as a non-exempted, full-time, hourly laundry attendant. Plaintiff was paid a wage rate of $10.00 an hour. Plaintiff's overtime should be $15.00 an hour.

17. Plaintiff had duties as a laundry employee, including laundry sorting, washing, drying, ironing, repairing work, folding, packing, etc.

18. During her time of employment with Defendants, Plaintiff had an irregular schedule. Plaintiff worked weeks of 5 days and weeks of 6 days. Plaintiff worked minimum from 7:00 AM to 5:00 PM (10 hours daily). Sometimes, Plaintiff began to work earlier, and she stayed working late. Thus, in weeks of 5 days, Plaintiff worked a minimum of 50 hours weekly. In weeks of 6 days, Plaintiff worked a minimum of 60 hours weekly. Plaintiff was unable to take bonafide lunch periods.

19. Plaintiff estimates that during her employment with Defendants, she worked 33 weeks with a minimum of 50 hours and 34 weeks with a minimum of 60 hours weekly.

20. Plaintiff worked a substantial amount of overtime hours every week. However, Plaintiff was paid for less than 40 regular hours with checks, and she was paid in cash for an average of 5 overtime hours, but at her regular rate. The remaining overtime hours were not paid to Plaintiff at any rate, not even at the minimum wage rate. Plaintiff was not paid for overtime hours as required by the FLSA.

21. Plaintiff clocked in and out, and Defendants could track the hours worked by Plaintiff and other similarly situated employees.

22. Therefore, Defendants willfully failed to pay Plaintiff for overtime hours at the rate of time and a half her regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

23. Plaintiff was paid bi-weekly in with checks and cash. Defendants refused to provide Plaintiff with paystubs providing basic information such as the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

24. Plaintiff complained numerous times about missing payment for overtime and regular hours.

25. On or about August 08, 2022, Plaintiff was fired by a new administration.

26. The records, if any, concerning the number of hours worked by Plaintiff and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees, upon information and belief. Therefore, the Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

27. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to

overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

28. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate about her unpaid overtime hours based on her best recollections.

*Please note that this amount is based on a preliminary calculation, and these figures could be subject to modification as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

Eleven Thousand Eight Hundred Dollars and 00/100 ($11,800.00)

    b. <u>Calculation of such wages</u>:

Total period of employment: 67 weeks  
Relevant weeks of employment:  67  weeks  
Regular rate:   $10.00 x 1.5=$15.00 O/T  
O/T rate: $15.00  
O/T rate: $15.00-$10.00 O/T rate=$5.00 Half-time  
Half-time:  $5.00  

**1.- Overtime for 33 weeks with 50 working hours**  
Relevant weeks:  33 weeks  
Total hours worked: 50 hours weekly  

i.- Half-time for 5 hours weekly  
$5.00 x 5 O/T hours= $25.00 weekly x 33 weeks =$825.00  

ii.- Full overtime for 5 hours weekly  

$15.00 x 5 O/T hours=$75.00 weekly x 33 weeks=$2,475.00  

**2.- Overtime for 34 weeks with 60 working hours**  
Relevant weeks:  34 weeks  
Total hours worked: 60 hours weekly  

i.- Half-time for 5 hours weekly  
$5.00 x 5 O/T hours= $25.00 weekly x 34 weeks =$850.00  

ii.- Full overtime for 15 hours weekly  

$15.00 x 15 O/T hours=$225.00 weekly x 34 weeks=$7,650.00

    Total #1 and #2: $11,800.00

    <u>Nature of wages (e.g., overtime or straight time):</u>

    This amount represents unpaid overtime wages.

29. At all times, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay Plaintiff at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

30. Defendants showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remained owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above, and Plaintiff is entitled to recover double damages.

31. Defendants Soaphia Laundry Center, Tanguy Letalaer, and Phillippe Erb willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants.

32. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Barbara A. Garcia respectfully requests that this Honorable Court:

    A. Enter judgment for Plaintiff Barbara A. Garcia and against the Defendants Soaphia Laundry Center and Tanguy Letalaer and Phillippe Erb based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Barbara A. Garcia, actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

### Demand for a Jury Trial

Plaintiff Barbara A. Garcia demands a trial by a jury of all issues triable as a right by a jury.

### COUNT II:
### FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

33. Plaintiff Barbara A. Garcia re-adopts every factual allegation stated in paragraphs 1-11 of this complaint as if set out in full herein.

34. Plaintiff Barbara A. Garciabrings this action to recover from the Employer Soaphia Laundry Center unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

35. Defendant Soaphia Laundry Center was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

36. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

        (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

        (B) $6.55 an hour, beginning 12 months after that 60th day; and

        (C) $7.25 an hour, beginning 24 months after that 60th day

37. Defendants Soaphia Laundry Center, Tanguy Letalaer, and Phillippe Erb employed Plaintiff Barbara A. Garcia from approximately April 28, 2021, to August 08, 2022, or 67 weeks.

38. Plaintiff was hired as a non-exempted, full-time, hourly laundry attendant. Plaintiff was paid a wage rate of $10.00 an hour.

39. Plaintiff had duties as a laundry employee, including laundry sorting, washing, drying, ironing, repairing work, folding, packing, etc.

40. During her time of employment with Defendants, Plaintiff had an irregular schedule. Plaintiff worked weeks of 5 days and weeks of 6 days. Plaintiff worked minimum from 7:00 AM to 5:00 PM (10 hours daily). Sometimes, Plaintiff began to work earlier, and she stayed working late. Thus, in weeks of 5 days, Plaintiff worked a minimum of 50 hours weekly. In weeks of 6 days, Plaintiff worked a minimum of 60 hours weekly. Plaintiff was unable to take bonafide lunch periods.

41. Plaintiff estimates that during her employment with Defendants, she worked 33 weeks with a minimum of 50 hours and 34 weeks with a minimum of 60 hours.

42. Plaintiff consistently and regularly worked more than 40 hours weekly, and Defendants always paid her a fraction of her overtime hours. However, Defendants paid Plaintiff for less than 40 regular hours.

43. Plaintiff estimates that during her time of employment, Defendants failed to pay Plaintiff an average of 3 regular hours weekly.

44. There is a substantial amount of regular hours every week that were not paid to Plaintiff at any rate, not even at the minimum wage rate as required by law.

45. Plaintiff clocked in and out, and Defendants could track the hours worked by Plaintiff and other similarly situated employees.

46. Therefore, Defendant willfully failed to pay Plaintiff regular hours in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

47. Plaintiff was paid bi-weekly in with checks and cash. Defendants refused to provide Plaintiff with paystubs providing basic information such as the number of days and hours worked, wage rate paid, employee taxes withheld, etc.

48. Plaintiff complained numerous times about missing payment for overtime and regular hours.

49. On or about August 08, 2022, Plaintiff was fired by a new administration.

50. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

51. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

52. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's reasonable faith estimate of unpaid wages is as follows:

    a. <u>Total amount of alleged unpaid wages</u>:

       Two Thousand Ten Dollars and 00/100 ($2,010.00)

    b. <u>Calculation of such wages</u>:

       Total weeks of employment: 67 weeks
       Total number of hours worked:  50 and 60 hours weekly
       Total number of regular unpaid hours: 3 hours weekly
       Regular rate:  $10.00 an hour

       $10.00 x 3 unpaid regular hours=$30.00 weekly x 67 weeks=$2,010.00

    c. <u>Nature of wages</u>:

       This amount represents unpaid minimum wages at the Florida minimum wage rate.

53. Defendants unlawfully failed to pay Plaintiff Barbara A. Garcia minimum wages, as provided by the Fair Labor Standards Act.

54. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

55. Defendants Soaphia Laundry Center, Tanguy Letalaer, and Phillippe Erb willfully and intentionally refused to pay Plaintiff minimum wages as required by the Fair Labor

    Standards Act and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants.

56. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

Prayer for Relief

Wherefore, Plaintiff Barbara A. Garcia and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Barbara A. Garcia, and against the Defendants Soaphia Laundry Center, Tanguy Letalaer, and Phillippe Erb based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff Barbara A. Garcia actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff Barbara A. Garcia an equal amount in double damages/liquidated damages; and

D. Award Plaintiff Barbara A. Garcia reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Barbara A. Garcia and those similarly situated demands trial by a jury of all issues triable as a right by a jury.

Date: October 6, 2022

                                        Respectfully submitted,

                                        By: /s/ **Zandro E. Palma**
                                        ZANDRO E. PALMA, P.A.
                                        Florida Bar No.: 0024031
                                        9100 S. Dadeland Blvd.
                                        Suite 1500
                                        Miami, FL 33156
                                        Telephone: (305) 446-1500
                                        Facsimile: (305) 446-1502
                                        zep@thepalmalawgroup.com
                                        *Attorney for Plaintiff*